# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DAVIDAH GARRISON,<br><br>                    Plaintiff,<br><br>v.<br><br>LVNV FUNDING LLC, PORTFOLIO RECOVERY ASSOCIATES LLC, L J ROSS ASSOCIATES, INC., AMERICOLLECT, INC., ENHANCED RECOVERY COMPANY LLC, VW CREDIT, INC., and CREDIT ONE BANK,<br><br>                    Defendants. | Case No. 20-CV-834-JPS<br><br>**ORDER** |

On June 4, 2020, Plaintiff Davidah Garrison ("Plaintiff") filed this action alleging that Defendants LVNV Funding LLC, Portfolio Recovery Associates LLC, L J Ross Associates, Inc., Americollect, Inc., Enhanced Recovery Company LLC, VW Credit, Inc., and Credit One Bank (collectively, "Defendants") violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). (Docket #1). On June 16, 2020, Plaintiff filed an amended complaint, which is now the operative complaint. (Docket #2). Soon after, three of the defendants, Enhanced Recovery Company LLC, VW Credit, Inc., and Credit One Bank (collectively, "Moving Defendants"), filed separate motions to dismiss, which are now fully briefed. (Docket #21, #28, and #30). For the reasons explained below, Moving Defendants' motions will be granted.

1.    **LEGAL STANDARD**

The Court will start with a primer on pleading requirements, which, in this instance, is sorely needed.[1] Federal Rule of Civil Procedure 12(b) provides for dismissal of complaints which, among other things, fail to state a viable claim for relief. Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Olson v. Champaign County*, 784 F.3d 1093, 1099 (7th Cir. 2015)

---

[1] Plaintiff's counsel cites *Strasburger v. Bd. of Educ., Hardin Cnty. Cmty. Unit Sch. Dist. No. 1*, 143 F.3d 351, 359 (7th Cir. 1998), for the proposition that "[d]ismissal is only appropriate if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle her to relief." (Docket #32 at 2, 3; #35 at 2, 3; #36 at 2, 3). The *Strasburger* court pulled this standard from *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)—a case famously abrogated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). The "no-set-of-facts" standard is no longer the law. *Twombly*, 550 U.S. at 546 ("The 'no set of facts' language has been questioned, criticized, and explained away long enough by courts and commentators, and is best forgotten as an incomplete, negative gloss on an accepted pleading standard.").

A licensed attorney practicing in federal court is expected to know the basics of pleading requirements and the 12(b)(6) standard. And an attorney appearing before this Court is also required to cite to applicable, relevant, and current cases to support their statements of the law. The red keycite flags ("⚑") that appear next to overturned cases are not there merely to add festivity and decoration. Any further questions on citation requirements can be directed to the Local Rules for the Eastern District of Wisconsin and the Wisconsin Rules of Professional Conduct for Attorneys.

(internal citations and quotations omitted). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (internal citations and quotations omitted).

### 2. RELEVANT ALLEGATIONS

As the Court's statement of facts is drawn from Plaintiff's first amended complaint, (Docket #2), it is quite scant. Plaintiff is a resident of Wisconsin. (*Id.* at 1). Defendants are all businesses that conduct business in Wisconsin, some of which are based outside of Wisconsin. (*Id.* at 1–2).

Defendants in this case are "furnishers" of credit information. (*Id.* at 4). Entities such as Equifax, Experian, and Transunion are credit-reporting agencies ("CRAs") that regularly assemble and evaluate consumer credit information that is provided to them by furnishers. (*Id.* at 3). Based on the information provided by furnishers, CRAs prepare and provide consumer credit reports to third parties. (*Id.*)

At an *unspecified* time, various *unspecified* "errors" appeared on Plaintiff's credit report. (*Id.*) Plaintiff alleges that these errors were the result of Defendants reporting inaccurate credit information to an *unspecified* CRA. (*Id.*) At some point, Plaintiff sent a notice of the errors and "identified the disputed inaccurate and derogatory information on the credit report, reported by the Furnisher" to the CRA. (*Id.*) Plaintiff alleges that, "on information and belief," the CRA notified each Defendant of the notice of dispute within five days. (*Id.*) However, Defendants failed to correct the

errors on eight accounts. (*Id.* at 4–5). Plaintiff asserts that this "caused or continues to cause the Plaintiff harm." (*Id.* at 2)

Plaintiff alleges Defendants knew that they had thirty days from the day on which they received the notice from the CRA to investigate. (*Id.* at 5). According to Plaintiff, Defendants "chose to disregard, or recklessly or carelessly disregarded the notice of dispute from the CRA and did not investigate within the 30-Day Statutory period." (*Id.*). In the alternative, Plaintiff pleads that Defendants "chose to continue to report inaccurate and derogatory credit information to the [CRA]." (*Id.*)

**3. ANALYSIS**

Plaintiff's claim under the FCRA fails because she does not sufficiently allege that Moving Defendants violated the law. To begin, Plaintiff contends that all Defendants "reported inaccurate credit information," and that "the inaccurate and harmful credit information continued to be published by the Defendants to the CRA." (Docket #2 at 4, 6). But Plaintiff wholly fails to allege with any specificity what information was inaccurate (or even the substance of what was reported). Neither the Court nor Defendants have been given enough information in the pleadings as to have "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. By way of comparison, in *Eisberner v. Discover Prod., Inc.*, 921 F. Supp. 2d 946, 948 (E.D. Wis. 2013), the court granted the defendants' motion to dismiss where the plaintiff alleged that the defendants describing her accounts as "charged off" was inaccurate. There, the plaintiff pleaded some of the substance of what the defendants reported, but the court, nevertheless, held that there was insufficient "factual support for the bare legal conclusion that describing the accounts as 'charged off' was inaccurate." *Id.* Here, Plaintiff pleaded even less,

alleging no facts to support her claim that the reported information was inaccurate or incomplete. *See Banks v. Target Corp.*, No. 12-CV-731-BBC, 2013 WL 12233868, at *3 (W.D. Wis. Mar. 6, 2013) (explaining that "Plaintiff ha[d] not alleged facts to support her claim that defendant's report was inaccurate [where] [s]he [did] not allege that her balance was not past due or that defendant had not 'written off' or 'charged off' the debt."); *Zahran v. Bank of Am.*, No. 15 C 1968, 2016 WL 826402, at *4 (N.D. Ill. Mar. 3, 2016) ("To prevail in an FCRA claim against a furnisher of credit information under section 1681s-2b, plaintiffs must show the 'factual inaccuracy' of the information the furnisher provided.").

Second, rather than allege how Plaintiff complied with FCRA or how Defendants failed to comply with the FCRA, Plaintiff concludes that she "complied with the Dispute Reporting Procedures under [the FCRA] by sending a notice of the dispute and identif[ying] the disputed inaccurate and derogatory information on the credit report, reported by the **Furnisher**, to the CRA." (Docket #2 at 4) (emphasis in original). Plaintiff next concludes that all Defendants "chose to disregard, or recklessly or carelessly disregarded the notice of dispute," and that each of the Defendants did not investigate the dispute. (*Id.* at 5). In this threadbare pleading, Plaintiff relies entirely on conclusory allegations, while alleging no facts indicating *when or how* she disputed the inaccurate information, *when* she lodged her dispute, *what* she purportedly disputed, *when or how* Defendants responded or failed to respond to the dispute, and *how* Defendants' investigation was unreasonable. Plaintiff has stated elements of the law but failed to apply these elements to any facts. She makes only conclusions. *See Eisberner*, 921 F. Supp. 2d at 949 ("Eisberner also alleges that each defendant 'failed to conduct a reasonable investigation' . . . . However, the complaint contains

Page 5 of 9
Case 2:20-cv-00834-JPS   Filed 03/23/21   Page 5 of 9   Document 43

no factual allegations about the defendants' investigation procedures, and thus the allegation that the defendants failed to conduct reasonable investigations is another bare legal conclusion.").

Finally, Plaintiff's response rests primarily on a case from the Eleventh Circuit, *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200 (11th Cir. 2019).[2] In *Pinson*, the court considered whether a pro se plaintiff had alleged sufficient facts to support a claim under the FCRA (as well as other claims) against a furnisher of credit information. *Id.* at 1205. While the court concluded that the plaintiff had stated a claim for relief under the FCRA, the complaint in *Pinson* contained far more factual detail than the amended complaint at issue here.

In *Pinson*, the plaintiff alleged he had no account whatsoever with the entity furnishing information on his credit report. *Id.* He further alleged that he disputed this information with a particular CRA on three specified dates and that the agency responded on three specified dates, informing him that the furnisher's information would continue to appear on his credit report. *Id. See also Pinson v. JPMorgan Chase Bank*, No. 9:16-cv-80688, Dkt. 1

---

[2]The Court reminds Plaintiff's counsel that he is practicing in the Eastern District of Wisconsin, which resides in the Seventh Circuit. Certainly, there are times where a practitioner may cite an out-of-circuit case (at times, good advocacy requires it). But, when citing non-binding authority, a party must make this clear to a court. Rule 10.1.3 of *The Bluebook: A Uniform System of Citation*, (Columbia L. Rev. Ass'n et al. eds., 21st ed. 2020), requires legal practitioners to "[i]ndicate parenthetically the deciding court followed by the year of decision." Plaintiff's counsel followed this rule and included the deciding-court information for almost all his other citations, but he failed to do so for *Pinson*. But for this Court's thorough check of all cited law and Defendants' lawyers pointing this out to the Court, a plain reading of Plaintiff's response briefs would not have indicated to the Court that Plaintiff's counsel was citing non-binding, out-of-circuit case law.

(S.D. Fla. May 2, 2016).³ Indeed, Mr. Pinson's complaint, alleged against only one defendant, ran for 264 paragraphs over 35 pages. (Docket #34-1). In stark contrast, Plaintiff's amended complaint asserts a claim against seven defendants in only 43, limitedly detailed paragraphs which offer only conclusions. (Docket #2). *Pinson* only goes to highlight the deficiencies in Plaintiff's amended complaint.

4. **CONCLUSION**

Plaintiff's first amended complaint is void of answers to the essential "who, what, when, where, and how" questions of litigation. Plaintiff has not provided sufficient factual pleadings as to give notice of what her claim is and the grounds upon which it rests. She only recites the law in the form of conclusory statements that she followed it and Defendants broke it. Thus, for the reasons outlined above, the Court will grant Moving Defendants' motions to dismiss, (Docket #21, #28, and #30), and dismiss the claim as to Moving Defendants with leave to amend.

Finally, notwithstanding Plaintiff's failure to state a claim upon which relief may be granted, the Court has serious reservations as to whether Plaintiff has Article III standing.⁴ Recent Seventh Circuit decisions poignantly recognize that a complaint must clearly allege facts demonstrating that a plaintiff has "(1) suffered an injury in fact, (2) that is

---

³The plaintiff's complaint in *Pinson* was provided to the Court by Defendant Enhanced Recovery Company LLC. (*See* Docket #34-1).

⁴The Court was directed to this issue by Plaintiff's counsel, who filed one of Plaintiff's response briefs in error, under the wrong case caption. (Docket #35). That caption led the court to an almost identically pleaded case filed by Plaintiff's counsel before U.S. District Judge Brett Ludwig. In that case, Judge Ludwig ordered the plaintiff to submit additional briefing on Article III standing. *See Herron v. Credit One Bank, et al.*, 20-CV-844-BHL, (Docket #57). The outcome remains pending.

fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Nettles v. Midland Funding LLC*, 983 F.3d 896 (7th Cir. 2020) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016)); *Pennell v. Glob. Tr. Mgmt., LLC*, No. 20-1524, 2021 WL 925494, at *2 (7th Cir. Mar. 11, 2021); *Gunn v. Thrasher, Buschmann & Voelkel, P.C.*, 982 F.3d 1069 (7th Cir. 2020); *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067 (7th Cir. 2020); *Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060 (7th Cir. 2020); *see also Crabtree v. Experian Info. Sols.*, 948 F.3d 872, 879 (7th Cir. 2020) (no standing where alleged potential injury under FCRA was too speculative and remote). Plaintiff's pleadings as to harm include the following statements: (1) "as a result of the Defendant's actions or inactions the Plaintiff was harmed;" and (2) disputed credit information reported by the Furnisher remains/remained inaccurate and caused or continues to cause the Plaintiff harm." (Docket #2 at 6–7). The Court is doubtful as to whether this is sufficient to maintain standing.

Given that several Defendants in this case have not moved to dismiss, and because the Court is allowing Plaintiff leave to amend the complaint in light of this Order, the Court will also order additional briefing by Plaintiff on whether Plaintiff has Article III standing to bring this case. This short brief must be filed by April 15, 2021. Defendants shall have 14 days to respond if they wish (failure to respond will not result in waiver). Plaintiff shall then have 7 days to reply. Within 30 days of the Court's resolution of the standing issue, Plaintiff may move for leave to amend the complaint as to Moving Defendants or all Defendants.

Accordingly,

**IT IS ORDERED** that Moving Defendants Enhanced Recovery Company LLC, VW Credit, Inc., and Credit One Bank's motions to dismiss (Docket #21, #28, #30) be and the same are hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff Davidah Garrison's claims in the first amended complaint (Docket #2) against Moving Defendants Enhanced Recovery Company LLC, VW Credit, Inc., and Credit One Bank be and the same are hereby **DISMISSED**;

**IT IS FURTHER ORDERED** that Plaintiff Davidah Garrison must file a short brief explaining Plaintiff's Article III standing by April 15, 2021. Defendants shall have 14 days to respond if they wish (failure to respond will not result in waiver). Plaintiff shall then have 7 days to reply; and

**IT IS FURTHER ORDERED** that within 30 days of the Court's resolution of the standing issue, Plaintiff Davidah Garrison may move for leave to amend the complaint as to Moving Defendants or all Defendants.

Dated at Milwaukee, Wisconsin, this 23rd day of March, 2021.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge